980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime DIAZ-ASPINA, Defendant-Appellant.
 No. 92-50251.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jaime Diaz-Aspina appeals his sentence under the United States Sentencing Guidelines, imposed following his guilty plea, for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Diaz-Aspina contends that the district court erred by finding that he played a managerial role in the offense pursuant to U.S.S.G. § 3B1.1(c). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo a district court's interpretation of the Guidelines, while we review for clear error its factual finding that a defendant was a manager in the criminal activity. United States v. Scarano, No. 91-10143, slip op. 10601, 10613 (9th Cir. September 2, 1992).
 
 
 4
 The Guidelines allow a two-level upward adjustment in a defendant's offense level if he was an organizer or leader of the criminal activity. U.S.S.G. § 3B1.1(c). The accompanying commentary indicates that we should consider such factors as:
 
 
 5
 the exercise of decision-making authority, the nature of the participation in the offense, recruitment of accomplices, right to a larger share of the profits, degree of participation in planning, the nature and scope of the activity and the degree of control and authority exercised over others in determining whether the defendant was a leader.
 
 
 6
 United States v. Castro, 972 F.2d 1107, 1112-13 (9th Cir.1992) (enhancement under U.S.S.G. § 3B1.1 proper where defendant directed loading of cocaine aboard tractor trailers, was only member of conspiracy present at all the loadings, and delivered the cocaine in four of the five seizures) (quoting U.S.S.G. § 3B1.1, commentary); accord United States v. Sanchez, 908 F.2d 1443, 1447 (9th Cir.1990) (enhancement under U.S.S.G. 3B1.1 proper where defendant supervised loading of cocaine aboard trucks, recruited accomplices and exercised decisionmaking authority).
 
 
 7
 Here, Diaz-Aspina participated in a sophisticated drug smuggling operation. He coordinated the distribution of the cocaine, i.e., who would make the deliveries, the amount of each cocaine load, and the vehicle for each delivery. He was entrusted by associates in Columbia with over 1,000 grams of cocaine and profited $50.00 per kilogram. Diaz-Aspina recruited at least two co-conspirators and directed them during select deliveries.
 
 
 8
 Based on these facts, we hold that the district court did not clearly err by finding that Diaz-Aspina acted in a managerial role in the offense. See Castro, 972 F.2d at 1113; Sanchez, 908 F.2d at 1448. Accordingly, the district court did not err by adjusting his offense level under U.S.S.G. § 3B1.1(c).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3